**IT IS ORDERED as set forth below:**

Date: August 12, 2021



_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| DONALD RENALDO WHITING, III *a.k.a.* | ) | CASE NO. 18-68507-LRC |
| DONALD WHITING, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| S. GREGORY HAYS, Chapter 7 Trustee | ) | |
| For the Estate of Donald Renaldo Whiting, III, | ) | |
| | ) | |
| Movant, | ) | |
| v. | ) | CONTESTED MATTER |
| | ) | |
| PENNYMAC LOAN SERVICES, LLC, | ) | |
| STONEY CREEK ESTATES HOMEOWNERS | ) | |
| ASSOCIATION, INC., | ) | |
| CLAYTON COUNTY TAX COMMISSIONER, | ) | |
| GEORGIA DEPARTMENT OF REVENUE, | ) | |
| DONALD RENALDO WHITING, III, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER ON TRUSTEE'S MOTION FOR AUTHORITY TO
(A) SELL PROPERTY OF THE BANKRUPTCY ESTATE FREE AND CLEAR OF ALL
LIENS, INTERESTS, AND ENCUMBRANCES AND (B) DISBURSE CERTAIN
PROCEEDS AT CLOSING**

16935099v1

On July 14, 2021, S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Donald Renaldo Whiting, III *a.k.a.* Donald Whiting ("**Debtor**"), filed *Trustee's Motion for Authority to (A) Sell of Property of the Bankruptcy Estate Free and Clear of Liens, Interests, and Encumbrances and (B) Disbursement of Certain Proceeds at Closing* [Doc. No. 73] (the "**Sale Motion**"), pursuant to 11 U.S.C. §§ 363(b), (f), and (m), and Fed. R. Bankr. P. 2002(a)(2), 6004(a), 6004(c), and 9014.  In the Sale Motion, Trustee sought, among other things, an order from the Court authorizing the sale (the "**Sale**") of that certain real property known generally as 1162 Lehavre Court, Hampton, Clayton County, Georgia 30228 (the "**Property**") to Samantha Metelus (the "**Purchaser**") for a sale price of $257,000.00 in accordance with the terms of a *Purchase and Sale Agreement* (the "**Contract**") attached to the Sale Motion as Exhibit "A."

Also on July 14, 2021, Trustee filed a *Notice of Pleading, Deadline to Object, and for Hearing* [Doc. No. 75] (the "**Notice**") regarding the Sale Motion, in accordance with General Order No. 24-2018.  Counsel for Trustee certifies that he served the Notice on all requisite parties in interest on July 14, 2021.  [Doc. No. 76].

The Notice provided notice of the opportunity to object and for hearing scheduled for August 25, 2021 at 10:15 a.m., pursuant to the procedures in General Order No. 24-2018.  No objection to the Sale Motion was filed prior to the objection deadline provided in the Notice.

Having considered the Sale Motion and all other matters of record, including the lack of objection by any creditor or party in interest to the relief requested in the Sale Motion, and based on the foregoing, finding that no further notice or hearing is necessary; and, the Court having found good cause exists to grant the relief requested in the Sale Motion, it is hereby

**ORDERED** that the Sale Motion is **GRANTED**. It is further

16935099v1

**ORDERED** that the Contract is **APPROVED** and its terms are incorporated into this Order. It is further

**ORDERED** that Trustee is authorized and directed to take any and all actions necessary or appropriate to (a) consummate the Sale of the Property to Purchaser and perform under the terms of the Contract; (b) execute, perform, consummate, implement, and close fully the Sale together with all additional instruments and documents that may be reasonably necessary; and (c) execute and perform all of the obligations of Trustee under the Contract. It is further

**ORDERED** that this Order shall be binding upon all creditors (whether known or unknown) of Debtor, Purchaser, Trustee, the Bankruptcy Estate, and their respective successors, assigns, affiliates, and subsidiaries. It is further

**ORDERED** that upon consummation of the closing of the Sale, the Property shall be transferred and assigned to Purchaser free and clear of all liens, claims, interests, and encumbrances with all unpaid, valid, and enforceable liens, claims, interests, or encumbrances attaching to the sale proceeds with the same extent, validity, and priority that they held in the Property. It is further

**ORDERED** that the Sale of the Property to the Purchaser is "as is," "where is," and without representation or warranty, express or implied, from Trustee. It is further

**ORDERED** that the transactions contemplated by the Contract and this Order are undertaken by the Purchaser in good faith, as that term is used in Section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale of the Property shall not affect the validity of the Sale to the Purchaser, unless such authorization is duly stayed pending such appeal. The Purchaser is a purchaser in good faith of the Property, and she is entitled to all the protections afforded by

16935099v1

Section 363(m) of the Bankruptcy Code.  It is further

**ORDERED** that, under Fed. R. Bankr. P. 6004(h), this Order shall be effective and enforceable immediately upon entry, and its provisions shall be self-executing.  In the absence of any person or entity obtaining a stay pending appeal, Trustee and Purchaser are free to close the Sale of the Property at any time, at which time the gross sales proceeds shall be paid to Trustee pursuant to this Order, and those disbursements requested by the Trustee in his Sale Motion are authorized to be made, including but not limited to, payment to Debtor for his homestead exemption in the amount of $21,500.00 ("**Homestead Exemption**"), care of his attorney, E. L. Clark, Clark & Washington, LLC.  Alternatively, Debtor may attend the closing and receive his Homestead Exemption after providing proper identification. It is further

**ORDERED** that this Court retains exclusive jurisdiction over any action relating to, based upon, or arising from disputes or controversies relating to or concerning the Sale, the Contract, or this Order.

**[END OF DOCUMENT]**

Order prepared and presented by:

ARNALL GOLDEN GREGORY LLP
*Attorneys for Chapter 7 Trustee*

By:*/s/ Michael J. Bargar*
   Michael J. Bargar
   Georgia Bar No. 645709
171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363-1031
Phone: (404) 873-8500
michael.bargar@agg.com

16935099v1

**Identification of parties to be served:**

Office of the United States Trustee, 362 Richard B. Russell Bldg.,75 Ted Turner Drive, SW, Atlanta, Georgia 30303

S. Gregory Hays, Chapter 7 Trustee, Hays, Financial Consulting, LLC, Suite 555, 2964 Peachtree Road, Atlanta, GA 30305

PennyMac Loan Services, LLC, c/o Brian K. Jordan, Aldridge Pite, LLP, Fifteen Piedmont Center, 3575 Piedmont Road, N.E., Suite 500, Atlanta, GA 30305

Georgia Department of Revenue, Bankruptcy Section, Post Office Box 161108, Atlanta, Georgia 30321

Georgia Department of Revenue, Taxpayer Services, Post Office Box 1054990, Atlanta, Georgia 30348

Georgia Department of Revenue, Sales and Use Tax, Post Office Box 105296, Atlanta, Georgia 30348

Office of the Attorney General, 40 Capitol Square, SW, Atlanta, GA 303340

The Stoney Creek Estates Homeowners Association, Inc., c/o Dana M. Tucker Davis, Tucker Davis Law, LLC, 2675 Paces Ferry Road, Suite 215, Atlanta, GA 30339

Bobby Meadows, Jr., CEO, Stoney Creek Estates Homeowners Association, Inc., 250 Georgia Avenue E, Suite 144094, Fayetteville, GA 30214

Terry L. Baskin, Clayton County Tax Commissioner, Clayton County Administration, Annex 3, 2nd Floor, 121 South McDonough Street, Jonesboro, GA 30236

E. L. Clark, Clark & Washington, LLC, Building 3, 3300 Northeast Expressway, Atlanta, GA 30341

Donald Renaldo Whiting, III, 1162 Lahavre Court, Hampton, GA 30228

Michael Campbell, Campbell & Brannon, LLC, Attention: Denise Hammock, 5565 Glenridge Connector, Suite 350, Atlanta, GA 30342

Michael J. Bargar, Arnall Golden Gregory LLP, 171 17th Street, NW, Suite 2100, Atlanta, GA 30363-1031

16935099v1